IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RAYMOND OUTLER,

        Petitioner,

v.

WARDEN, FCI Beckley, and
BRIAN OWENS, Commissioner of the
Georgia Department of Corrections,

        Respondents.

CIVIL ACTION NO.: CV609-063

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Raymond Outler ("Outler"), who was formerly incarcerated at the Federal Correctional Institution in Beaver, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss; Outler filed a Response. For the reasons which follow, Outler's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Outler pled guilty in Emanuel County Superior Court to four counts of burglary and one count of escape on November 7, 1978. Outler did not directly appeal his conviction. He was sentenced to ten years' imprisonment. Outler filed his first state habeas corpus petition in the Superior Court of Bibb County in 1978 or 1979. It was denied in part in an order filed April 11, 1979. The Georgia Supreme Court denied Outler's timely application for a certificate of probable cause to appeal on August 29,

1979. Outler filed a second state habeas corpus petition, in the Superior Court of Emanuel County, on April 4, 2008. That court dismissed the petition as successive on April 29, 2008. Outler filed an untimely application for a certificate of probable cause to appeal, which the Georgia Supreme Court granted, despite its untimeliness, due to the fact that Outler had not been adequately informed of proper appellate procedures. The Georgia Supreme Court found that the record did not adequately support the habeas court's finding of successiveness, and remanded. On remand, the state habeas court again found that the petition was successive and/or that the issues were res judicata; and alternatively, that the grounds lacked merit. Outler appealed the decision, and on May 4, 2009, the Georgia Court of Appeals denied Outler's application for a certificate of probable cause to appeal. Outler executed this petition on August 18, 2009.

In his current § 2254 petition, Outler asserts that his plea was not entered into knowingly and voluntarily in violation of Boykins v. Alabama, 395 U.S. 238 (1969). Respondent asserts Outler's claim is untimely and is moot because Outler is no longer in custody.

## DISCUSSION AND CITATION TO AUTHORITY

District courts only have jurisdiction to entertain petitions for habeas corpus relief from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The "in custody" requirement is satisfied if a person is incarcerated as a result of the conviction or sentence under attack at the time the petition is filed. Carafas v. La Vallee, 291 U.S. 234 (1968). If the sentence imposed for a conviction has fully expired, the conviction is no longer subject to habeas corpus attack, even if the possibility exists that it may be used to enhance the sentences

AO 72A
(Rev. 8/82)

imposed for any subsequent crime of which the petitioner may be convicted. Maleng v. Cook, 490 U.S. 499 (1989) (holding that a petitioner is not "in custody" and thus cannot challenge a conviction when the sentence imposed for that conviction has expired). Outler was sentenced on each of four counts of burglary to concurrent "split" sentences of ten years, with five years imprisonment followed by five years probation. (Doc. No. 1, p. 1). His sentences expired no later than November 7, 1988. Thus, Outler is not "in custody" for the state court judgment he seeks to challenge, and this Court has no jurisdiction over his claim.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Outler's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 26th day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE